IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DOUG FALLIS, et al., § | | |
|     Plaintiffs, § | | |
| § | | |
| v. § | No. 3:21-cv-00083-S (BT) | |
| § | | |
| JAYCO INC., § | | |
| § | | |
|     Defendant. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiffs Doug Fallis and Angela Fallis, through counsel, filed a civil action alleging intentional infliction of emotional distress and negligence. For the following reasons, the Court should dismiss the complaint for want of prosecution under Fed. R. Civ. P. 41(b).

I.

This case was filed on January 12, 2021. At that time, Plaintiffs did not pay the $402 filing fee or file a motion to proceed *in forma pauperis*. On January 19, 2021, the Court sent Plaintiffs a Notice of Deficiency and Order (ECF No. 3), which informed them that they had 30 days to pay the filing fee or submit a request to proceed *in forma pauperis*. The Court warned Plaintiffs that failure to cure this deficiency within 30 days could result in a recommendation that their complaint be dismissed. More than 30 days have passed, and Plaintiffs have failed to respond to the Court's order. Also, on February 11, 2021, the Court entered an order (ECF No. 4) directing Plaintiffs' attorney, Robert R. Jones, III, to either apply for *pro*

1

*hac vice* admission and get local counsel or get admitted to practice in the Northern District of Texas. Plaintiffs' counsel has failed to respond to that order.

II.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). Here, Plaintiffs have failed to either pay the filing fee or file a motion to proceed *in forma pauperis*. Plaintiffs' counsel has failed to apply for *pro hac vice* admission and get local counsel or get admitted to practice in the Northern District of Texas. This litigation cannot proceed until these deficiencies are cured. Accordingly, the complaint should be dismissed for want of prosecution.

III.

The Court should dismiss the complaint without prejudice for want of prosecution under Fed. R. Civ. P. 41(b).

Signed March 1, 2021.

                                  REBECCA RUTHERFORD
                                  UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).